RAYMOND HENRY V. THE STATE.

No. 18715. Delivered March 31, 1937.

The opinion states the case.

*L. H. Flewellen,* of Ranger, *R. E. Gratham,* of Cisco, and *Frank Sparks,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, fifty years in the penitentiary.

We concern ourselves with discussion of but one question raised, which is that the court below should have charged the law of circumstantial evidence. An exception was reserved to the charge given for its failure in this regard. It was charged in the indictment that appellant killed McBee by stabbing him with an ice pick. It was necessary for the State to prove this averment. No witness swore that he saw the alleged stabbing, and was therefore able to depict the manner, violence and immediate extent or effect of such stabbing. No witness testified to a subsequent examination of any wound inflicted, nor that it was of a character indicating a death wound. No witness swore to the size, length, weight, appearance or deadly char-

acter of this particular ice pick, if any, or of ice picks in general, such as possibly the one referred to might be; nor did any one testify that deceased died from a wound made by an ice pick. The most that we have in this record is that Crosswhite, a witness for the State, testified that he heard a noise in the room where deceased and appellant were on the morning of May 1, 1933, and that appellant came out of the door with an ice pick in his hand and a glassy look in his eyes, and that appellant did several things described by the witness which would appear to show that he was excited or upset over something. This witness swore that some time in 1935, and evidently after the discovery of the dead body of deceased, and its burial, he was in the cemetery and at the grave of deceased with appellant and Mrs. Henry,—who was the wife of deceased at the time of this alleged killing. He said that the woman was crying, and that appellant said: "Hon, I don't see why you want to cry over that s— of a b, he ought to be stuck three times with an ice pick and hung to a tree for ninety-nine years." This witness also detailed other acts of the accused which were damaging.

Witness Tyler testified that he with Jack and Lynn Smith went to McBee's house about 1:30 P. M., May 1, 1933. He said he found McBee lying in bed. Witness asked him what was wrong with him, and deceased said Raymond Henry (appellant) stuck an ice pick in him that morning when he and Crosswhite were there. Deceased said he wanted some whisky, and witness went in a car with deceased and the Smith boys five miles in the country to see a man named Freeman for the purpose of getting whisky for deceased and failed to get it. Witness said they then went back to the home of deceased and carried him in, and laid him on a bed. Appellant and Mrs. McBee were there. Witness said he was going for a doctor for deceased, but appellant stopped him at the door, shoved him away, and said "He will be all right; he don't need no doctor. We don't want to let anybody know anything about it." Appellant thumb-bolted the door, and further told witness if he said anything further they would say he did it. All four of those present, viz: appellant, Jack and Lynn Smith and Mrs. McBee, said they would lay it on him if he said anything about it. He further testified that when deceased showed him the place that morning, where he claimed appellant stuck him with the ice pick, witness saw blood, and deceased told him that was the place. Witness further testified that the next night appellant came with the Smiths to the home of witness, and when he

asked how deceased was appellant said: "All right; we put him away all right." This witness also detailed further criminating circumstances. The man Freeman testified to the fact that deceased with others came to his place looking for whisky on the afternoon of May 1, 1933, and he said it must have been about five o'clock P. M.

Witness Fenwick swore that he was at the home of deceased on May 1, 1933, and, among other things, testified he asked deceased what was the matter with him, and appellant said he stabbed deceased with an ice pick that morning. Witness stayed at the house all the afternoon and that night until after deceased had died, and he said they took the body in a car and carried it away and buried it in a hole near a fence row, which hole they dug, and from which hole later they removed the body, and hung it by a wire around its neck to a tree in a thicket, where it was found about a year after the alleged murder.

We have not tried to state all the facts or circumstances, but only enough to make plain our conclusion that the learned trial judge fell into error in refusing to give to the jury a charge on circumstantial evidence. Plainly there is no direct evidence that the act of appellant caused the death of the deceased. As above stated, no testimony shows the ice pick mentioned to be a deadly weapon; nor that the wound inflicted was necessarily mortal; nor that same caused death. That these may all have been true is necessarily a matter of inference, which may have been enough for the jury to base their conclusion upon,—a question which we are not here called upon to decide, because the learned trial judge declined to let the case go to the jury under such a theory. In this we are forced to believe he erred.

There are some other questions raised in the record which we mention. The court instructed the jury that the witnesses Fenwick and Tyler were accomplices, but declined to so charge with reference to witness Crosswhite. We do not feel called on to discuss the question as to whether the fact that a complaint had been filed against Crosswhite charging him with complicity in this killing, would make of him an accomplice at the time of this trial or not, for it is clear that the term of the court, and the sitting of the grand jury which followed the making of said complaint,—has ended, and if no indictment was returned following such complaint, this would not make of the witness an accomplice should there be another trial, and if the witness was indicted there would be no necessity for us to here

discuss the question. We observe nothing in the record aside from the inference of the witness Crosswhite being an accomplice, by reason of the matter just mentioned, which would appear to require the court to submit the question. What we have just said applies to the testimony of Mrs. Tyler. We find nothing in the record which, in our opinion, would make of her an accomplice witness.

Appellant has a lengthy bill of exceptions complaining of the refusal of the court to pass on the facts and give a peremptory instruction. We think the court below entirely correct in his action in this regard.

Appellant testified and introduced witnesses to support the proposition that he was at another and different place on the night of the alleged homicide, and we think the court fully and fairly submitted the issue of alibi in the charge. Complaint of arguments will not be discussed as they will not likely arise upon another trial, should there be one.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*